JANET M. HEROLD
Regional Solicitor
DANIELLE L. JABERG
Counsel for ERISA
CA State Bar No. 256653
IAN H. ELIASOPH
Counsel for ERISA
CA State Bar No. 227557
SEEMA N. PATEL (Counsel for Service)
Trial Attorney
CA State Bar No. 263941
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone (415) 625-7741
Fax (415) 625-7772
Email: patel.seema@dol.gov

Attorneys for Petitioner,
United States Department of Labor

UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>    Petitioner,<br><br>    v.<br><br>BUTTE STEEL & FABRICATION, INC., a California corporation; JEFFREY BROCHHEUSER, an individual; and the BUTTE STEEL & FABRICATION, INC. 401(k) PROFIT SHARING PLAN, an employee pension benefit plan.<br><br>    Defendants. | Case No. 2:15-cv-00118-MCE-KJN<br><br>**CONSENT JUDGMENT & ORDER** |

Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), pursuant to his

Consent Judgment and Order     Page - 1

authority under §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against Defendants BUTTE STEEL & FABRICATION, INC., ("Butte Steel") a California corporation; JEFFREY BROCHHEUSER ("Brochheuser"), an individual; and the BUTTE STEEL & FABRICATION, INC. 401(k)PROFIT SHARING PLAN (the "Plan"), an employee pension benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. 1002(3).[1]

A.   The Secretary, Brochheuser, Butte Steel, and the Plan (collectively, "the parties") admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the Eastern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

B.   All Defendants waive filing of an Answer and further waive entering any affirmative defense, counterclaim, or third-party complaint, or any other defenses that they may have in this case.  The Company and the Plan waive service of the Complaint.

C.   The parties agree to the entry of this Consent Judgment & Order.  The parties further agree that this Consent Judgment & Order shall fully settle all claims of the Secretary asserted in the Complaint filed in this matter.

All parties expressly waive Findings of Fact and Conclusions of Law.

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

---

[1] The Plan is named in the Secretary's Complaint as a party necessary for complete relief pursuant to Fed. R. Civ. P. 19(a).

Consent Judgment and Order     Page - 2

1.  Defendant JEFFREY BROCHHEUSER, an individual, and BUTTE STEEL & FABRICATION, INC., are jointly and severally liable to the BUTTE STEEL & FABRICATION, INC. 401(K) PROFIT SHARING PLAN for $27,071.27 ("Amount Due"), including interest, in losses caused to the Plan, arising out of their breaches of fiduciary duties under ERISA §§ 404 and 406, as more fully alleged in the Secretary's Complaint, and judgment is hereby entered against them in that amount.

2.  Defendant Jeffrey Brochheuser shall restore the Amount Due ($27,071.27) by April 22, 2015 and it shall be allocated to participants' accounts in the amounts and manner set forth in Exhibit A of this Consent Judgment.  No amounts restored shall go to the Plan account of Jeffrey Brochheuser.  Within ten days of restoring the Amount Due, and no later than May 1, 2015, Jeffrey Broccheuser shall provide written proof to the Secretary that the amounts were restored and correctly allocated to the participants' accounts as set forth in Exhibit A.

3.  It is ordered that the Plan shall be terminated effective April 22, 2015.  The Plan document is hereby amended to allow this termination. Defendants Butte Steel and Jeffrey Brochheuser will take all actions necessary to wind down the Plan by July 21, 2015, including but not limited to directing all roll overs and distributions as directed by participants or authorized by law and the Plan document and filing a final Form 5500 annual report for the Plan with the Employee Benefit Security Administration via the EFAST2 system, available at https://www.efast.dol.gov/welcome.html.  By August 3, 2015, Defendants Butte Steel and Jeffrey Brochheuser shall provide

Consent Judgment and Order    Page - 3

proof to the Secretary that all rollovers and distributions necessary to wind down the plan were made by July 21, 2015 and proof of the Plan's closure.  No later than July 16, 2015, Defendants may apply to the Secretary for an extension of the July 21, 2015 and August 3, 2015, deadlines referred to in this paragraph.  The application shall be in writing and contain supporting documents demonstrating that the Defendants have made their best efforts to comply with these deadlines.  The Secretary will grant this application if it is substantiated by documentation and will set a new deadline that Defendants will be required to comply with.

4. In the event that any Defendant fails to timely satisfy any obligation set forth in Paragraphs 2 and 3 above as determined by the Regional Director for the Employee Benefits Security Administration, the following provisions shall become in effect:

>    i.   The total remaining balance of the Amount Due shall become due and payable by Jeffrey Brochheuser within ten (10) business days of the default, and interest shall accrue at five percent (5%) annum until the balance is paid in full.
>
>    ii.  Upon motion by the Secretary, the Court shall appoint an Independent Fiduciary ("Independent Fiduciary") of the Plan and order Defendant Jeffrey Brochheuser to advance the reasonable costs and expenses of such Independent Fiduciary at the time of the appointment. The Independent Fiduciary:
>
>         a)   Shall collect, marshal, pay out and

Consent Judgment and Order     Page - 4

administer all of the assets of the Plan and take further action with respect to the Plan as appropriate to effectuate the Plan's termination;

  b) Pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2014-01, must exercise reasonable care and diligence to identify and locate each Eligible Plan Participant to the extent the Plan has distributable assets;

  c) shall have all the rights, duties, discretion and responsibilities of a trustee, fiduciary and Plan Administrator under ERISA, including filing annual and final Form 5500s;

  d) shall have the authority to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain assistance as needed including attorneys, accountants, actuaries and other service providers;

  e) Shall have full access to all data, information and calculations in the Plan's possession and under its control, including information and records maintained by the Plan's custodial trustee or service provider;

  f) Shall have the authority to give instructions respecting the disposition of assets of the Plan;

  g) Shall comply with all applicable rules and laws; and

h)   Shall be entitled to reasonable compensation, fees and expenses, and pursuant to Under 29 U.S.C. § 1056(d)(4), such reasonable compensation, fees and expenses shall be paid by Defendants Butte Steel and Jeffrey Brochheuser.

5.   If an Independent Fiduciary is appointed pursuant to Paragraph 4 above, Defendants Butte Steel and Jeffrey Brochheuser shall be removed as fiduciaries to the Plan upon the appointment of the Independent Fiduciary. Defendants Butte Steel and Jeffrey Brochheuser shall cooperate fully with the Independent Fiduciary in providing documents or information they may have relevant to the Plan's administration and management.

6.   Defendants Jeffrey Brochheuser and Butte Steel are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

7.   Except to complete the functions set forth in Paragraph 2 and 3 above, Defendant Jeffrey Brochheuser is hereby permanently enjoined and restrained from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan.

8.   Defendant Jeffrey Brochheuser is solely responsible for any administrative fees or expenses related to the administration, termination and wind up of the Plan.

9.   Wherever submission to the Secretary is required under the terms of this Consent Judgment & Order, including the submissions required under paragraph 2 and 3 above, such submission shall be made via overnight delivery AND facsimile to:

```
            Regional Director
            U.S. Department of Labor
            Employee Benefits Security Administration
            90 7th Street, Suite 11-300
            San Francisco, CA 94103
            Fax: 415-625-2499
```

10. The Secretary and Defendants shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

11.  Defendants expressly waive any and all claims of any nature which they have or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

12.  This Consent Judgment does not in any manner affect the right of the United States Department of Labor to assess a civil penalty of twenty percent on amounts recovered pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l).  Defendant Jeffrey Brochheuser does not dispute such assessment and agrees to pay such assessment when due.  The Defendants waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83 and, within sixty days following termination of the Plan, Defendant Jeffrey Brochheuser shall pay the Penalty Amount (which shall be $5,414.25 in event there is no default with respect to

Paragraphs 2 above) to the U.S. Department of Labor, by sending a certified or cashier's check payable to the United States Department of Labor (please write EBSA Case No. 70-015280(48) on the check) to:

<pre>
Regular Mail
U.S. Department of Labor
ERISA Civil Penalty
P.O. Box 70942
Charlotte, NC 28272-0942
</pre>

13. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

14. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment & Order.

15. By signing their names to this Consent Judgment & Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment & Order. Defendant Jeffrey Brochheuser represents that he has consulted with bankruptcy counsel and the bankruptcy trustee for Defendant Butte Steel & Fabrication, Inc., informed them of the contents of this agreement, and he is authorized to sign this agreement on behalf of Defendants Butte Steel & Fabrication, Inc. and the Butte Steel & Fabrication, Inc. Profit Sharing 401(k) Plan.

16. This Consent Judgment and Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

Entry of this Consent Judgment is hereby consented to:

    M. PATRICIA SMITH
    Solicitor of Labor

    JANET M. HEROLD
    Regional Solicitor

    DANIELLE L. JABERG
    Counsel for ERISA

    By: /s/ Ian H. Eliasoph
    IAN H. ELIASOPH
    Counsel for ERISA

    SEEMA N. PATEL
    Trial Attorney

    Attorneys for Thomas E. Perez

Defendants consent to the entry of this Consent Judgment.

Dated: March 23, 2015    /s/ Jeffrey Brochheuser
    Jeffrey Brochheuser
    On behalf of himself,
    Butte Steel & Fabrication, Inc.,
    and the Butte Steel & Fabrication
    Inc. 401(k) Profit Sharing Plan

**ORDER**

In accordance with the terms of the foregoing Stipulated Consent Judgment, and given the lack of any opposition to the Motion for Entry of Consent Judgment, the Court hereby directs the entry of this Consent Judgment and Order as a final judgment.

IT IS SO ORDERED.

Dated: April 20, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

Consent Judgment and Order     Page - 9

**EXHIBIT A**

| Participant | Outstanding EE Contributions | Outstanding Loan Repayments | Lost Earnings Owed | **Amount to be restored** |
|---|---|---|---|---|
| Donavan Black | $102.03 | $0.00 | $36.10 | $138.13 |
| Jasmine E Bradley | $0.00 | $0.00 | $97.26 | $97.26 |
| Andrew Colenzo | $600.00 | $0.00 | $116.00 | $716.00 |
| Craig Copeland | $0.00 | $1,696.80 | $217.87 | $1,914.67 |
| Javier B Corona | $0.00 | $0.00 | $2.43 | $2.43 |
| Daniel Dixon | $596.39 | $0.00 | $199.85 | $796.24 |
| Jose Garnica | $125.00 | $0.00 | $61.27 | $186.27 |
| Benjamin Gonzales | $0.00 | $535.50 | $213.86 | $749.36 |
| Victor H. Gonzalez | $0.00 | $0.00 | $31.17 | $31.17 |
| Sandra Jackson | $2,504.99 | $0.00 | $539.65 | $3,044.64 |
| Donald Harp | $0.00 | $20.84 | $274.31 | $295.15 |
| Chris A Lewis | $125.00 | $0.00 | $62.48 | $187.48 |
| Terry Lindblad | $14,527.82 | $0.00 | $2,104.57 | $16,632.39 |
| Matt McCoy | $0.00 | $0.00 | $224.22 | $224.22 |
| Robert McCoy | $1,375.00 | $0.00 | $175.15 | $1,550.15 |
| Southiame Southiphonh | $115.00 | $0.00 | $40.67 | $155.67 |
| James L Stearns | $0.00 | $0.00 | $81.97 | $81.97 |
| Joseph G Story | $190.01 | $0.00 | $52.79 | $242.80 |
| Nathan T. Woodbeck | $0.00 | $0.00 | $25.27 | $25.27 |
| Totals | $20,261.24 | $2,253.14 | $4,556.89 | **$27,071.27** |